IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MACNEIL AUTOMOTIVE PRODUCTS LIMITED, d/b/a WEATHERTECH,** an Illinois Corporation,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**AMOOCA, a Chinese Company, WYNESS, a Chinese Company, JIANGHUA NIE, a Chinese Citizen, and HONGJUN NIE, a Chinese Citizen,**<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, MacNeil Automotive Products Limited, by its undersigned attorneys, for its Complaint against defendants Amooca, Wyness, Jianghua Nie, and HongJun Nie, collectively ("Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Defendants for Illinois common law unfair competition, false advertising and federal unfair competition, the Illinois Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and patent infringement.

## PARTIES

2. Plaintiff MacNeil Automotive Products Limited ("MacNeil") is a corporation organized under the laws of the State of Illinois with a principal place of business located in Bolingbrook, Illinois 60440. MacNeil is a manufacturer and supplier of automotive accessories including, among other things, No-Drill MudFlaps, vehicle floor trays and mats and affixation devices for these products.

3. Upon information and belief, Defendant Amooca is a Chinese company. Upon information and belief, this Defendant has placed into the stream of commerce and markets and distributes infringing products nationwide, including this district, represented by its line of mudflaps sold under this trade name and marked as Wyness®, (hereinafter the accused product mudflaps shall be referred to as the "Infringing Products").

4. Upon information and belief, Defendant Wyness is a Chinese company. Upon information and belief, this Defendant has placed into the stream of commerce and markets and distributes infringing products nationwide, including this district, represented by its line of mudflaps marked as Wyness®, (hereinafter the accused product mudflaps shall be referred to as the "Infringing Products").

5. Upon information and belief, Defendant Jianghua Nie is a Chinese citizen, located at No. 1, Qinglongqiao, Jiannan Street, Fengcheng City, Jiangxi China 331100. Upon information and belief, this Defendant has placed into the stream of commerce and markets and distributes infringing products nationwide, including this district, represented by the line of mudflaps sold under various trade names and marked as Wyness®, (hereinafter the accused product mudflaps shall be referred to as the "Infringing Products").

6. Upon information and belief, Defendant HongJun Nie is a Chinese citizen, located at No. 5, Alley 8, Meiyuan Road Zengtian, Chang'an Town, Dongguan China 523000. Upon information and belief, this Defendant has placed into the stream of commerce and markets and distributes infringing products nationwide, including this district, represented by the line of mudflaps sold under various trade names and marked as Wyness®, (hereinafter the accused product mudflaps shall be referred to as the "Infringing Products").

## JURISDICTION

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because MacNeil's claims arise under the laws of the United States. This Court has supplemental jurisdiction over MacNeil's state law claims pursuant to 28 U.S.C. § 1367. On information and belief, this Court has personal jurisdiction over Defendants because, *inter alia*, they transact business in this district by marketing, offering to sell, distributing and selling products, including Infringing Products, to Illinois customers and have contributed to numerous sales to Illinois consumers of said products and Infringing Products.

## FACTUAL BACKGROUND

8. MacNeil, d/b/a WeatherTech®, has expended many millions of dollars developing and advertising its products, including but not limited to many SuperBowl commercials and advertising and supporting the Chicago Blackhawks. MacNeil is a Chicagoland based company, with facilities in Bolingbrook and Downers Grove, Illinois.

9. Since 1989, MacNeil has been a distributor of vehicle floor mats throughout the United States. Since before 2010, MacNeil has manufactured, distributed, advertised and sold to consumers throughout the United States its vehicle mudflaps with its patented QuickTurn™ technology. MacNeil markets these products extensively under its mark WEATHERTECH®.

10. MacNeil's mudflaps were and are a tremendously successful product in the automobile accessory industry. MacNeil's design and inventions with regard to said mudflaps were so successful that MacNeil was able to obtain significant market sales in the mudflaps product market.

11. MacNeil is the exclusive licensee of United States Patent No. 7,578,527 ("the '527 Patent"), attached hereto as Exhibit 1, duly and legally issued on August 25, 2009.

12. As the exclusive licensee of all right, title and interest in the '527 Patent, MacNeil has standing to sue for infringement of the '527 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '527 Patent. An example of an advertisement of MacNeil's patented mudflaps is attached hereto as Exhibit 2.

13. On information and belief, Defendants distribute and market the Infringing Products, marked and/or advertised as "Wyness" and/or "Amooca", among other possible trade names, throughout the United States, including this judicial district. A representative sample marketing of the Infringing Products, sold under the Amooca name with the Wyness® mark is attached hereto as Exhibit 3. The Infringing Products likely will vary from different makes/models/years of vehicles as they are custom designed to fit a particular vehicle depending on different vehicle's designs.

14. On information and belief, all of Defendants' Products infringe the '527 Patent.

15. The Infringing Products are an *exact copy* of MacNeil's patent-protected mudflap products. Defendants further falsely represent that these products are protected by a registered mark with the United States Patent and Trademark office by marking the Wyness name with a ® when no such registration has issued and the application has been abandoned. *See* Exhibit 4. It was not enough that these Chinese entities and persons have ripped-off MacNeil's patented products, but they had the gall to copy, *verbatim*, MacNeil's instruction manual on how to install MacNeil's mudflaps for Defendants' instruction manual as to how to install their own Infringing Products. Exhibit 5 is MacNeil's instruction manual on how to install its front and rear set of mudflaps. Exhibit 6 is the Defendants' instruction manual on how to install the Infringing

Products.  As to the germane portions, they are identical (down to the photographs), except the Defendants at least had the idea to remove the mark WeatherTech® from their rip-off manual.

16. But the Defendants were not too clever.  Although they had the presence of mind to try and mask their theft by removing the famous mark "WeatherTech®" from before the term "No-Drill MudFlap" in their rip-off of MacNeil's instruction manual, apparently the Defendants forgot to remove the protected mark "QuickTurn™" from their instruction manual in their rear installation instructions.  The Defendants even included the ™ symbol after QuickTurn in their instructions.  Of course, this is *MacNeil's protected trademark*, and, even more importantly, the trade name QuickTurn represents the technology that is found in the '527 Patent.  This kind of outright thievery and piracy by Chinese companies and entities is what has been occurring in the marketplace for years, to the serious detriment of American workers and American businesses. The Defendants' actions are so brazen, that they have copied the exact part numbers of MacNeil's patent-protected mudflap products.  Defendants' copying actions are frankly outrageous and obvious.

17. MacNeil recently became aware of Defendants' activities in selling its Infringing Products through online marketplaces and other venues.   This lawsuit followed.

### **COUNT I – ILLINOIS COMMON LAW – UNFAIR COMPETITION**

18. MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 17 as if fully set forth herein.

19. For many years, MacNeil has expended substantial sums of money developing, creating, advertising, promoting, establishing and supporting its patented protected mudflap products and marketing materials with its customers and Illinois and American consumers in general.

20. As a result of MacNeil's substantial investment and hard work over the years, as well as MacNeil's commitment to quality, excellence and customer service, MacNeil has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate MacNeil with its trade name and marketing efforts and product recognition.

21. Defendants are aware of the above facts, and have sought to wrongfully capitalize on MacNeil's fine reputation and goodwill by advertising, promoting and selling, and/or causing such marketing their Infringing Products which are an intentional attempt to copy and/or create a colorable imitation of MacNeil's products, marketing, instruction manual and trademarked names. Defendants' further have falsely advertised and represented to the market that they have a registered trademark in the Wyness mark by marking all of their Infringing Products with a ®.

22. MacNeil has been, is, and will continue to be damaged by the Defendants' actions and MacNeil does not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill and damage consumers as well.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

    1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2) Unfairly competing with MacNeil; and

    3) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said

products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil and/or falsely representing that their mark Wyness is protected by a federal registration.

B. An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above subparagraph (A) of this prayer;

C. An award to MacNeil of all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants' sales of their Infringing Products and wrongful actions, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct, and the costs of this litigation; and

D. Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## **COUNT II – FEDERAL UNFAIR COMPETITION**

23. MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 22 as if fully set forth herein.

24. For many years, MacNeil has expended substantial sums of money developing, creating, advertising, promoting, establishing and supporting its patented protected mudflap products and marketing materials with its customers and Illinois and American consumers in general.

25. As a result of MacNeil's substantial investment and hard work over the years, as well as MacNeil's commitment to quality, excellence and customer service, MacNeil has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate MacNeil with its trade name and marketing efforts and product recognition.

26. Defendants are aware of the above facts, and have sought to wrongfully capitalize on MacNeil's fine reputation and goodwill by advertising, promoting and selling, and/or causing such marketing their Infringing Products which are an intentional attempt to copy and/or create a colorable imitation of MacNeil's products, marketing, instruction manual and trademarked names. Defendants' further have falsely advertised and represented to the market that they have a registered trademark in the Wyness mark by marking all of their Infringing Products with a ®.

27. MacNeil has been, is, and will continue to be damaged by the Defendants' actions and MacNeil does not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant, from

1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

2) Unfairly competing with MacNeil; and

3) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil and/or falsely representing that their mark Wyness is protected by a federal registration.

B. An Order, pursuant to 15 U.S.C. § 1116, requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a

report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above two subparagraphs (A) of this prayer.

      C.     An award to MacNeil, under 15 U.S.C. § 1117, of all profits received by Defendants from the sales and revenue of any kind made as a result of Defendants' sales of its infringing mudflap products and wrongful actions, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation and find this case to be an exceptional case and therefore grant MacNeil its attorneys' fees in pursuing this litigation; and

      D.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## **COUNT III – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

28.     MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 27 as if fully set forth herein.

29.     For many years, MacNeil has expended substantial sums of money developing, creating, advertising, promoting, establishing and supporting its patented protected mudflap products and marketing materials with its customers and Illinois and American consumers in general.

30.     As a result of MacNeil's substantial investment and hard work over the years, as well as MacNeil's commitment to quality, excellence and customer service, MacNeil has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate MacNeil with its trade name and marketing efforts and product recognition.

31. Defendants are aware of the above facts, and have sought to wrongfully capitalize on MacNeil's fine reputation and goodwill by advertising, promoting and selling, and/or causing such marketing their Infringing Products which are an intentional attempt to copy and/or create a colorable imitation of MacNeil's products, marketing, instruction manual and trademarked names. Defendants' further have falsely advertised and represented to the market that they have a registered trademark in the Wyness mark by marking all of their Infringing Products with a ®.

32. The above-described knowing and willful conduct constitutes deceptive trade practices within the meaning of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

33. Defendants' unlawful adoption and use, in interstate commerce, of MacNeil's protected trademarks and marketing and instruction materials, without authorization of MacNeil, is likely to cause confusion, to cause mistake and/or to deceive. Defendants further has unlawfully and falsely represented that their mark Wyness is protected by a federal registration.

34. MacNeil has been, is, and will continue to be damaged by the Defendants' actions and MacNeil does not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

> 1) Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;
>
> 2) Unfairly competing with MacNeil; and

      3)      Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil and/or falsely representing that their mark Wyness is protected by a federal registration.

B.      An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above subparagraph (A) of this prayer;

C.      An award to MacNeil of all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants' sales of their Infringing Products and wrongful actions, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct, and the costs of this litigation; and

D.      Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35.      MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 34 as if fully set forth herein.

36.      In violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Defendants have engaged in at least the following unfair and/or deceptive acts or practices:

      a)      By its use of an infringing product, namely the Infringing Products, Defendants have confused consumers as to the origins of the Infringing Products and falsely attempted to represent that the Infringing Products has some relation to MacNeil, copying MacNeil's instruction and/or marketing materials and misusing and misappropriating MacNeil's protected trademarks and falsely representing that its own mark Wyness is protected by a federal registration; and

      b)    Other false statements and misrepresentations, concealments, suppressions or omissions according to proof.

37. Defendants intended for consumers to suffer confusion and to misrepresent the source/affiliation of their Infringing Products, as well as to misappropriate MacNeil's materials and trademarks, among other wrongful actions.

38. Defendants' unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

39. Through its unfair and deceptive acts and practices, Defendants have harmed MacNeil and American and Illinois consumers of their Infringing Products.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants, from

    1)    Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2)    Unfairly competing with MacNeil; and

    3)    Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil and/or falsely representing that their mark Wyness is protected by a federal registration.

B. An Order requiring Defendants to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath,

setting forth in detail the manner and form in which Defendants have complied with the above subparagraph (A) of this prayer;

C.   An award to MacNeil of all profits received by Defendants from the sales and revenues of any kind made as a result of Defendants' sales of its Infringing Products and wrongful actions, damages, to be determined, that MacNeil has suffered as a result of Defendants' conduct, and the costs of this litigation;

D.   An award to MacNeil for its costs and attorneys' fees for this litigation; and

E.   Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT V – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,578,527

53.   MacNeil reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 52 as if fully set forth herein.

54.   Upon information and belief, without the consent of MacNeil, Defendants have marketed, used, offered for sale, sold and/or imported Infringing Products which directly and/or indirectly infringe at least one claim of the '527 Patent.

55.   Upon information and belief, without the consent of MacNeil, Defendants have committed acts that constitute inducement of infringement of at least one claim of the '527 Patent by others through its acts of importing, offering to sell and/or selling Infringing Products.

56.   As a direct and proximate result of Defendants' direct or indirect infringement and/or inducement to infringe the '527 Patent, MacNeil has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which MacNeil is entitled to relief.

57. Upon information and belief, Defendants' direct infringement, indirect infringement and/or inducement to infringe the '527 Patent has been and continues to be willful and deliberate.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter judgment that Defendants have directly infringed the '527 patent;

B. Enter judgment that Defendants have induced others to infringe the '527 patent;

C. Enter judgment that Defendants have willfully infringed the '527 patent;

D. Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants from any further marketing or sales of the Infringing Products and any other infringement of the '527 patent, whether direct or indirect;

F. Enter judgment ordering Defendants to compensate MacNeil for Defendants' infringement of the '527 patent pursuant to 35 U.S.C. § 284;

G. Enter a judgment ordering Defendants to pay enhanced damages pursuant to 35 U.S.C. § 284;

H. Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

I. Enter a judgment for an award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

K.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**JURY TRIAL DEMAND**

MacNeil hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL AUTOMOTIVE PRODUCTS LIMITED

Dated: June 1, 2019     By:     /s/ Robert S. Grabemann
                                One of Its Attorneys

Robert S. Grabemann
*rgrabemann@daspinaument.com*
Timothy M. Schaum
*tschaum@daspinaument.com*
DASPIN & AUMENT, LLP
300 South Wacker Drive
Suite 2200
Chicago, Illinois 60606
(312) 258-1600